**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAN 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDREW RODRIGUEZ,                    *

FCI FSL Elkton Plaintiff,            *
P.O. Box 10
Lisbon, OH 44432 -vs-                *    C

BUREAU OF PRISONS,                   *

          Defendant.                 *

CASE NUMBER  1:06CV00034

JUDGE: Henry H. Kennedy

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 01/11/2006

## COMPLAINT

1. It is Plaintiff's position that the Bureau of Prisons is currently in violation of the provisions of Title 5, U.S.C., §552(a)(e)(5) which states in pertinent part that "each Agency that maintains a system of records shall maintain all records which are used by the Agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

By this lawsuit, Plaintiff calls upon this Honorable Court to consider the facts of the case, and grant any relief as it deems proper, including but not limited to considering the items in Plaintiff's "Request For Relief," infra.

## JURISDICTION OF THE COURT

2. This Court has subject matter jurisdiction to hear and decide this case based on Title 5 U.S.C., §552(a) et seq., 28 U.S.C., §1331(federal question),28 U.S.C., §2201, and 28 U.S.C., §2241 et seq. Plaintiff recently exhausted his administrative remedies, to wit, BP 8½, 9, 10, and finally 11, which was decided by the Central Office of the Bureau of Prisons in Washington, DC.

**RECEIVED**

-1-

DEC 1 2 2005

NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

## PARTIES

3.   Andrew Rodriguez is a federal prisoner, currently incarcerated at FCI Elkton, P.O.Box 10, Lisbon, Ohio 44432.  The Bureau of Prisons is a government entity with a business address at 320 First Street, N.W., Washington, DC 20534, charged with maintaining the custody of the Plaintiff.

## VENUE

4.   This Court is the proper venue to commence and litigate this matter because the defendant maintains business address in Washington, D.C., and the final document that concluded the exhaustion of remedy process in this case came from Washington, DC.

## FACTS OF THE CASE

5.   When Plaintiff was convicted, his Presentencing Report contained facts that he was a manager in a drug organization, who reported to the organizer/leader of the organization.

6.   The Bureau of Prisons, armed with this information, along with the fact that the conspiracy in which Plaintiff was convicted involved more than 10 kilograms of cocaine and/or more than 2 kilograms of heroin, assessed Plaintiff "Greatest Severity" public safety factor.

7.   Because Plaintiff believes that "Greatest Severity" can only be assessed one who was an organizer or leader of an organization, and Plaintiff was merely a manager who **reported** to the leaders of the organization, he requested that the Bureau of Prisons correct his record and delete the notation, "Greatest Severity," Public Safety Factor.

8.   The Bureau of prisons refused to do so, stating that Plaintiff's function as a manager placed him squarely within the meaning of an organizer.

## CAUSE OF ACTION

9.   Because the Bureau of Prisons overlooked the definition of "Leader/Organizer" under the requirement of "Greatest Severity" public safety factor (which clearly states: **organizes, leads, directs, or otherwise runs a drug distribution organization. Receives the largest share of the profits and has the greatest decision-making authority**...See Program Statement 5100.7, Appendix G, page 1.), the Bureau has erroneously applied the public safety factor of "greatest severity" to this Plaintiff whose record does not show that he received the largest share of profits and did not have the greatest decision-making authority in his conspiracy.  Indeed, Plaintiff's record shows him as a mere manager who reported to the leaders and organizers.

10.   This erroneous maintainance of record violates Plaintiff's rights under Title 552(a) et seq.

## RELIEF REQUESTED

11.   Plaintiff respectfully requests that this Court interpret the Bureau of Prisons' own language of the Program Statement 5100.7, Appendix G, Page 1, which emphasizes that to be classified as a leader/organzier under the requirement of the application of the "Greatest Severity" public safety fadtor, that one does not only have to be a leader or organizer (not merely a **manager**), but must have **received the largest share of the profits and has the greatest decision-making authority** in the conspiracy, something that is not part of evidence in Plaintiff's case.

12.  Because Plaintiff's record fails to show that Plaintiff was even a leader or organizer, or that he earned the largest profit and had the greatest decision making authority in the conspiracy, this Court should hold the Bureau of Prisons as having violated Plaintiff's Privacy Act rights under Title 5, U.S.C., §552(a) et seq., and compel them to correct the record they are maintaining, delete the notation, "Greatest Severity" public safety factor, accordingly.

13.  Furthermore, this Court should compel the Bureau of Prisons to pay Plaintiff the sum certain of Fifteen thousand dollars ($15,000), as contemplated by Title 5, U.S.C., §552(a) et seq, for violation of Plaintiff's rights to Privacy Act.

Wherefore, Plaintiff respectfully prays.

Respectfully Submitted:

Andrew Rodriguez

Andrew Rodriguez, Pro Se
Plaintiff
FCI Elkton
P.O.Box 10
Lisbon, Ohio 44432

Dated: 7th day of December , 2005.

-4-

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: DB-0017

INMATE'S NAME: Andrew Rodriguez       NO. 38020-054 UNIT D/A

1. Specific Complaint: The reluctance of this agency & its agents to correct an erroneous record.

2. Relief Requested: The removal of PSF of Greatest Severity from my male custody classification form since none of the wording in appendix B pg 1 or G of PS 5100.07 support its application.

3. Date/Time Complaint received from inmate: 6-21-2005

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: The greatest severity PSF will remain. According to the PSI you were considered an overall manager for the Bryant Bros Narcotics operation. Members and their associates conspired to committed murder and attempted murder & other acts of violence to protect, enhance, & promote their drug trafficking activities

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

06 0034    FILED

A. Andrew Rochriguez / 38020054    6-22-05
Inmate's Signature/Register No.          Date

JAN 11 2006

_____ Case Manager          6/22/05    NANCY MAYER WHITTINGTON, CLERK
STAFF MEMBER'S NAME & TITLE          DATE      U.S. DISTRICT COURT

_____                          6/27/05
UNIT MANAGER'S SIGNATURE          DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not formally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

**U.S. DEPARTMENT OF JUSTICE**                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | RODRIGUEZ, Andrew | 38020-054 | D/A | ELKTON |
|-------|-------------------|-----------|-----|--------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** ⁺The correction of an erroneous record by removing PSF of Greatest severity from my Male Custody Classification Form (BP-15). Initially I was scored as a Greatest Severity under BP-337 for my current offense. However, this was to be updated on the BP-338 to reflect <u>moderate</u> due to a revision in Policy, since according to the new Manual I am not considered an Organizer/leader of a drug enterprise. The Judicial finding was that I was one of five "overall managers" reporting directly to the leader of the organization. Furthermore, this agency and its agents attempt to hold me responsible for the acts of violence committed by my co-defendants violates policy. <u>Appendix - B, Page 5, of PS 5100.07</u> provides special instruction where drug "conspiracies" are involved. It states that: "[I]n drug conspiracy cases, the individual will be held accountable as documented by the Judge in the statement of reason. If the statement of reason is not attached, the Case Manager will review the PSI to determine the individual's **specific** reported behavior, **and not hold the individual accountable for the entire drug conspiracy empire**." (see attached exhibits). In other words, I cannot be held accountable for other acts of my codefendants vicariously or otherwise, but the determination is constraine to my **specific** conduct during my participation in the conspiracy as charged.

_10-29-05_
DATE

_Andrew Rodriguez_
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                              _____
DATE                                                 WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: _____

                                                     CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Rodriguez, Andrew
Reg. No.: 38020-054
Remedy I.D.: 381954-F2
Qtr: D/A

This is in response to your Request for Administrative Remedy receipted July 14, 2005, in which you indicate that you have a Public Safety Factor of Greatest Severity. You request that this be removed from your Custody Classification Form.

Records indicate on July 28, 2003, your unit team scored your offense as moderate and submitted you for a transfer to FCI (Satellite Camp) Otisville, New York, for lesser security. However, upon further review, the regional office instructed that your offense be scored as greatest, and your transfer was subsequently denied. A Public Safety Factor of "Greatest Severity Offense" was applied.

This decision was based on Program Statement 5100.07, Security Designation and Custody Classification Manual, which states, "an inmate will receive a Public Safety Factor of Greatest Severity if the offender was part of an organizational network and he organized or maintained ownership interest/profits from a large scale drug activity." Paragraph 3 of your Pre-Sentence Investigation report states, "Because the defendant's role in the offense was that of a manager and supervisor and the criminal activity involved more than five participants and was otherwise extensive, a 3-level increase is required". Accordingly, the Public Safety Factor of Greatest Severity is appropriately applied.

Based on the above, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

_____          7/22/05
T. R. Sniezek, Warden                     Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: ___RODRIGUEZ, ANDREW___ ___38020-054___ ___D/A___ ___ELKTON___
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** -- Warden T.R. Sniezeck, at FCI Elkton contradicts himself in his denial of my Request For Aministrative Remedy. I am seeking the correction of an erroneous record that i currently being maitained by this Agency, under Title 5 § 552a(e)(5). Namely the removal of PSF of Greatest Severity from my male custody classification form (BP-15). He based his decision on P.S. 5100.07, which states, "an inmate will receive a PSF of Greatest Severity if the offender was part of an organizational network and he <u>organized</u> or <u>maintained ownership interest/profits</u> from a large scale drug organization. He then quotes from my PSI paragraph 3, which states in pertinent part that, "Because the defendant's role in the offense was that of a **Manager and Supervisor** and the criminal activity involved more than five participants and was otherwise extensive, a 3-level increase is required," as his basis for denying my request which sought to correct the record. He has failed however, to demonstrate in his finding where and how I organized or maintained ownership interest/profits from a large scale drug organization, as is

___7-26-05___                    _Andrew Rodriguez_                ( ----- over)
    DATE                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____    _____
        DATE                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**                            CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____    _____    _____
USP LVN        DATE           Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal

(Continuation page—2)

required by the Program Statement before such A PSF may be applied. Instead he has given support and quite frankly embelish my claim that the institution is maintaining an erroneous record in my file in clear violation of Appendix G, Page 2 of P.S. 5100.07 which provides the definition for those who are NOT A DRUG ORGANIZER/LEADER, which is clearly contrary to Appendix G, page 1 of P.S. 5100.07 which defines A DRUG ORGANIZER/LEADER.

ANDREW RODRIGUEZ
Reg. No. 38020-054
Remedy I.D. 381954-F2
Qtr: D/A

**RODRIGUEZ, Andrew**
Reg. No. 38020-054
Appeal No. 381954-R1
Page One

---

### Part B - Response

You appeal the decision of the Warden at FCI Elkton to deny your request to waive the Greatest Severity Public Safety Factor (PSF). You state the Warden contradicts himself in his denial of your request to have the PSF of Greatest Severity removed from your record. You also state you are seeking the correction of an erroneous record currently being maintained by the Bureau of Prisons. You further state the Warden failed to demonstrate in his findings how you organized or maintained ownership interest/profits from a large scale drug organization. As relief, you request to have the PSF of Greatest Severity removed from your record.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, indicates there are certain factors which require increased security measures to ensure the protection of society. One such factor is the severity level of the current offense which is based upon the most severe documented instant offense behavior. Records indicate you were sentenced to 240 months for Conspiracy to Distribute Cocaine. Your Pre-Sentence Report (PSR) states that, between the mid-1980's and the early 1990's, you admitted to selling and delivering Cocaine and Heroin. The PSR also states you were a manager of the drug operation. We find the severity of your current offense is correctly scored as Greatest Severity and a removal of the PSF is not appropriate at this time. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 29, 2005

D. SCOTT DODRILL
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: RODRIGUEZ, ANDREW     38020-054     D/A     ELKTON

      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** -- I am seeking the correction of an erroneous record that is currently being maintained by the Bureau of Prisons. Namely the removal of PSF of Greatest Severity from my male custody classification form (BP-15).

Appendix B, page 5, of Program Statement 5100.07, provides special instructions where "drug conspiracies" are involved. It states that: "On drug conspiracy cases, the individual will be held accountable as documented by the Judge in the statement of reason. If the statement of reason is not attached, the Case Manager will review the PSI to determine the individual's specific reported behavior, and not hold the individual accountable for the entire drug conspiracy empire." So the determination is constrained to my specific reported behavior, and not the most severe documented instant offense behavior.

In chapter 7, page 6A, of said P.S. under the heading DISCONTINUED PUBLIC SAFETY FACTORS you will see "High Drug" as one of the PSF which has been discontinued. Therefore, although in my Pre-Sentence Report (PSR) it states that, "I admitted to selling and delivering cocaine and heroin between the mid-1980's and the early 1990's, high drug alone is not enough for the application of PSF of Greater Severity.

I agree with your PS and the judicial finding regarding my role as a Manager of a drug operation, but that in and of itself is not enough to warrant the application of a PSF of Greater Severity. Appendix G, page 2, under the heading NOT A DRUG ORGANIZER/LEADER you will

_Sept. 6, 05_                _Andrew Rodriguez_ (continued---)

    DATE                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

    DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

                                             CASE NUMBER: _____

**Part C—RECEIPT**

                                             CASE NUMBER: _____

Return to: _____

       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

    DATE                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                  BP-231(13)
                                                           APRIL 1982

(Continuation page--2)

RODRIGUEZ, ANDREW
Inmate Number 38020-054
Unite D/A
Appeal No. 381954-R1

find the function definition of a Manager. Reading paragraph 121 of the PSR it is clear I was a Manager reporting to the organizer/leader which without other factors (violence, e.t.c.) does not allow for the application of PSF of Greatest Severity.

Appendix B, page 1, provides an offense severity scale with criterions that must be met in order for any drug offender to qualify for a PSF Greatest Severity. It states: the offender was part of an organizational network <u>and</u> he or she <u>organized</u> or <u>maintained ownership interest/profits from large-scale drug activity</u>, *** **AND** *** the drug amount equals or exceeds the amount below (see exhibit for drug amount) shall be scored in the Greatest Severity category. We already established I was simply a manager as per your PS and judicial findings then how could I have <u>organized</u> or <u>maintained ownership interest/profits from large-scale drug activity</u>, as is required by your PS before such PSF may be applied.

I believe I have demonstrated the BOP is in violation of its own program statement which I seek to correct under Title 5 §552a(e)(5) which states: Each Agency that maintains a system of records shall maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

### RELIEF SOUGHT

Based on the herein succintly stated, and having based it on the relevant fact and pertinent law, I am respectfully asking that my record which has been established to be erroneously maintained by the BOP be promptly corrected to avert any further inconvenience.

*Andrew Rodriguez*
ANDREW RODRIGUEZ

**Administrative Remedy No. 381954-A1**
**Part B - Response**

You contend your offense is inappropriately categorized as a greatest severity offense. You ask that your offense classification be changed to moderate severity and the public safety factor (PSF) of greatest severity be removed.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, provides that a person who is "part of an organizational network and he or she organized or maintained ownership interests/profits from large-scale drug activity," and the drug amount for cocaine offenses is "greater than or equal to 10 kilograms" and for heroin offenses is "greater than or equal to 2K" has committed a greatest severity offense. When an inmate's offense is classified as greatest severity, the greatest severity PSF is applied.

A review of the offense conduct as related in the PreSentence Report reveals that your role in the offense was that of a manager and supervisor and the criminal activity involved over that five participants and was otherwise extensive. Your function as such places you squarely within the meaning of a organizer. That, combined with the involvement of more than 10 kilograms of cocaine and/or more than 2 kilograms of heroin, makes yours a greatest severity offense.

Your appeal is denied.


_November 15, 2005_
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals