# Attachment C

Administrative Remedy No. 381954-A1
Part B - Response

You contend your offense is inappropriately categorized as a greatest severity offense. You ask that your offense classification be changed to moderate severity and the public safety factor (PSF) of greatest severity be removed.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, provides that a person who is "part of an organizational network and he or she organized or maintained ownership interests/profits from large-scale drug activity," and the drug amount for cocaine offenses is "greater than or equal to 10 kilograms" and for heroin offenses is "greater than or equal to 2K" has committed a greatest severity offense. When an inmate's offense is classified as greatest severity, the greatest severity PSF is applied.

A review of the offense conduct as related in the PreSentence Report reveals that your role in the offense was that of a manager and supervisor and the criminal activity involved over that five participants and was otherwise extensive." Your function as such places you squarely within the meaning of a organizer. That, combined with the involvement of more than 10 kilograms of cocaine and/or more than 2 kilograms of heroin, makes yours a greatest severity offense.

Your appeal is denied.

November 15, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: RODRIGUEZ, ANDREW    38020-054    D/A    ELKTON
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** -- I am seeking the correction of an erroneous record that is currently being maintained by the Bureau of Prisons. Namely the removal of PSF of Greatest Severity from my male custody classification form (BP-15).

     Appendix E, page 5, of Program Statement 5100.07, provides special instructions where "drug conspiracies" are involved. It states that: "On drug conspiracy cases, the individual will be held accountable as documented by the Judge in the statement of reason. If the statement of reason is not attached, the Case Manager will review the PSI to determine the individual's specific reported behavior, and not hold the individual accountable for the entire drug conspiracy empire." So the determination is constrained to my specific reported behavior, and not the most severe documented instant offense behavior.

     In chapter 7, page 6A, of said P.S. under the heading DISCONTINUED PUBLIC SAFETY FACTORS you will see "High Drug" as one of the PSF which has been discontinued. Therefore, although in my Pre-Sentence Report (PSR) it states that, "I admitted to selling and delivering cocaine and heroin between the mid-1980's and the early 1990's. high drug alone is not enough for the application of PSF of Greater Severity.

     I agree with your PS and the judicial finding regarding my role as a Manager of a drug operation, but that in and of itself is not enough to warrant the application of a PSF of Greater Severity. Appendix C, page 2, under the heading NOT A DRUG ORGANIZER/LEADER you will (continued--4)

Sept. 6, 05                       Andrew Rodriguez
DATE                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED SEP 12 2005

---

DATE                                GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY        CASE NUMBER: 381950-A1

**Part C—RECEIPT**

                               CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                   BP-291(13) APRIL 1982

(Continuation page--2)

RODRIGUEZ, ANDREW
Inmate Number 38020-054
Unite D/A
Appeal No. 381954-R1

find the function definition of a Manager. Reading paragraph 121 of the PSR it is clear I was a Manager reporting to the organizer/leader which without other factors (violence, e.t.c.) does not allow for the application of PSF of Greatest Severity.

Appendix B, page 1, provides an offense severity scale with criterions that must be met in order for any drug offender to qualify for a PSF Greatest Severity. It states: the offender was part of an organizational network and he or she organized or maintained ownership interest/profits from large-scale drug activity, *** AND *** the drug amount equals or exceeds the amount below (see exhibit for drug amount) shall be scored in the Greatest Severity category. We already established I was simply a manager as per your PS and judicial findings then how could I have organized or maintained ownership interest/profits from large-scale drug activity, as is required by your PS before such PSF may be applied.

I believe I have demonstrated the BOP is in violation of its own program statement which I seek to correct under Title 5 §552a(e)(5) which states: Each Agency that maintains a system of records shall maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

## RELIEF SOUGHT

Based on the herein succintly stated, and havind based it on the relevant fact and pertinent law, I am respectfully asking that my record which has been established to be erroneously maintained by the BOP be promptly corrected to avert any further inconvenience.

*Andrew Rodriguez*
ANDREW RODRIGUEZ

RODRIGUEZ, Andrew
Reg. No. 38020-054
Appeal No. 381954-R1
Page One

---

## Part B - Response

You appeal the decision of the Warden at FCI Elkton to deny your request to waive the Greatest Severity Public Safety Factor (PSF). You state the Warden contradicts himself in his denial of your request to have the PSF of Greatest Severity removed from your record. You also state you are seeking the correction of an erroneous record currently being maintained by the Bureau of Prisons. You further state the Warden failed to demonstrate in his findings how you organized or maintained ownership interest/profits from a large scale drug organization. As relief, you request to have the PSF of Greatest Severity removed from your record.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, indicates there are certain factors which require increased security measures to ensure the protection of society. One such factor is the severity level of the current offense which is based upon the most severe documented instant offense behavior. Records indicate you were sentenced to 240 months for Conspiracy to Distribute Cocaine. Your Pre-Sentence Report (PSR) states that, between the mid-1980's and the early 1990's, you admitted to selling and delivering Cocaine and Heroin. The PSR also states you were a manager of the drug operation. We find the severity of your current offense is correctly scored as Greatest Severity and a removal of the PSF is not appropriate at this time. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 29, 2005

D. SCOTT DODRILL
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: RODRIGUEZ, ANDREW    38020-054    D/A    ELKTON
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** — Warden T.R. Sniezeck, at FCI Elkton contradicts himself in his denial of my Request For Administrative Remedy. I am seeking the correction of an erroneous record that is currently being maitained by this Agency, under Title 5 § 552a(e)(5). Namely the removal of PSF of Greatest Severity from my male custody classification form (BP-15). He based his decision on P.S. 5100.07, which states, "an inmate will receive a PSF of Greatest Severity if the offender was part of an organizational network and he <u>organized</u> or <u>maintained ownership interest/profits</u> from a large scale drug organization. He then quotes from my PSI paragraph 3, which states in pertinent part that, "Because the defendant's role in the offense was that of a <u>Manager and Supervisor</u> and the criminal activity involved more than five participants and was otherwise extensive, a 3-level increase is required," as his basis for denying my request which sought to correct the record. He has failed however, to demonstrate in his finding where and how I organized or maintained ownership interest/profits from a large scale drug organization, as is

7-26-05                          Andrew Rodriguez    (———— over)
DATE                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**



_____           _____
DATE                                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE        CASE NUMBER: 381954-R1

--------------------------------------------------

**Part C—RECEIPT**

                                                                   CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

                                                                                             BP-230(13)

Regional Administrative Remedy Appeal
(Continuation page--2)

required by the Program Statement before such A PSF may be applied. Instead he has given support and quite frankly embelish my claim that the institution is maintaining an erroneous record in my file in clear violation of Appendix G, Page 2 of P.S. 5100.07 which provides the definition for those who are NOT A DRUG ORGANIZER/LEADER, which is clearly contrary to Appendix G, page 1 of P.S. 5100.07 which defines A DRUG ORGANIZER/LEADER.

*Andrew Rodriguez*
ANDREW RODRIGUEZ
Reg. No. 38020-054
Remedy I.D. 381954-F2
Qtr: D/A

# REQUEST FOR ADMINISTRATIVE REMEDY
## PART B - RESPONSE

Rodriguez, Andrew
Reg. No.: 38020-054
Remedy I.D.: 381954-F2
Qtr: D/A

This is in response to your Request for Administrative Remedy receipted July 14, 2005, in which you indicate that you have a Public Safety Factor of Greatest Severity. You request that this be removed from your Custody Classification Form.

Records indicate on July 28, 2003, your unit team scored your offense as moderate and submitted you for a transfer to FCI (Satellite Camp) Otisville, New York, for lesser security. However, upon further review, the regional office instructed that your offense be scored as greatest, and your transfer was subsequently denied. A Public Safety Factor of "Greatest Severity Offense" was applied.

This decision was based on Program Statement 5100.07, Security Designation and Custody Classification Manual, which states, "an inmate will receive a Public Safety Factor of Greatest Severity if the offender was part of an organizational network and be organized or maintained ownership interest/profits from a large scale drug activity." Paragraph 3 of your Pre-Sentence Investigation report states, "Because the defendant's role in the offense was that of a manager and supervisor and the criminal activity involved more than five participants and was otherwise extensive, a 3-level increase is required". Accordingly, the Public Safety Factor of Greatest Severity is appropriately applied.

Based on the above, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

T. R. Sniezek, Warden          7/28/05
                                Date

# REQUEST FOR ADMINISTRATIVE REMEDY

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **RODRIGUEZ, Andrew**   **38020-054**   **D/A**   **ELKTON**
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST** The correction of an erroneous record by removing PSF of Greatest severity from my Male Custody Classification Form (BP-15). Initially I was scored as a Greatest Severity under BP-337 for my current offense. However, this was to be updated on the BP-338 to reflect <u>moderate</u> due to a revision in Policy, since according to the new Manual I am not considered an <u>Organizer/leader</u> of a drug enterprise. The Judicial finding was that I was one of five "overall managers" reporting directly to the leader of the organization. Furthermore, this agency and its agents attempt to hold me responsible for the acts of violence committed by my co-defendants violates policy. <u>Appendix - B, Page 5, of PS 5100.07</u> provides special instruction where drug "conspiracies" are involved. It states that: "[I]n drug conspiracy cases, the individual will be held accountable as documented by the Judge in the statement of reason. If the statement of reason is not attached, the Case Manager will review the PSI to determine the individual's <u>specific</u> reported behavior, <u>and not hold the individual accountable for the entire drug conspiracy empire</u>." (see attached exhibits). In other words, I cannot be held accountable for other acts of my codefendants vicariously or otherwise, but the determination is constrained to my <u>specific</u> conduct during my participation in the conspiracy as charged.

6-29-05
DATE

*Andrew Rodriguez*
SIGNATURE OF REQUESTER

**Part B- RESPONSE**



7/22/05
DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 381954-F1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____   _____   _____   _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: 7-11-05 / 7-14-06

DATE   RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982
USP LVN

ELK 1330.13A
October 8, 1997
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION FORM
## FCI, ELKTON, OHIO

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: DB-C017

INMATE'S NAME: Andrew Rodriguez   NO. 38020-054   UNIT D/A

1. Specific Complaint: The reluctance of this agency & its agents to correct an erroneous record.

2. Relief Requested: The removal of PSF of Greatest Severity from my male custody classification form since none of the wording in appendix B pg 1 or G of PS 5100.07 support its application.

3. Date/Time Complaint received from inmate: 6-21-[05]

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: The greatest Severity PSF will remain. According to the PSI you were considered an overall manager for the Bryant Bros Narcotics operation. Members and their associates conspired to commit murder and attempted murder + other acts of violence to protect, enhance, & promote their drug trafficking activities

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / (was not) accomplished.

Andrew Rodriguez  38020054   6-22-05
Inmate's Signature/Register No.    Date

_____ Case Manager   6/22/05
STAFF MEMBER'S NAME & TITLE    DATE

_____    6/22/05
UNIT MANAGER'S SIGNATURE    DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional unselors shall maintain informal resolution form for future reference. If complaint is not ormally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.