UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW RODRIGUEZ,                    *

          Plaintiff,           *

     -vs-                            *   Civil Action No. 06-0034(HHK)

BUREAU OF PRISONS,                   *

          Defendant.           *

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

    I.  In its statement of material facts not in genuine dispute, the defendants conveniently missed to make mention of the 2002 amendment of the Program Statement, 5100.7 which defined "leader/organizer", at Appendix G, page 1, which states: "Organizer/leader...**receives the largest share of the profits and has the greatest decision-making authority**," which Plaintiff's Pre-Sentencing Report (PSI) did not report Plaintiff as having.  The defendant defended this case not by denying the facts Plaintiff alleged were inaccurate, to wit, the above mentioned facts which Plaintiff stated were missing in his PSI.  Instead, the defendant relied on the language of 28 CFR, §16.97(a) and (j) which it contended exempted the amendment or accuracy of these sort of record (Inmate Central File) from the requirement of Title 5, U.S.C., §552a (e)(1) and (e)(5).

    The defendant further argued that the civil remedies of 5 U.S.C., §552(a)(g) are also exempted due to the ICF nature of Plaintiff's complained inaccurate record.

RECEIVED
APR 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff does not dispute the fact that BOP can exempt records from the provisions of the Privacy Act, but the quarell defendant has came where the same authority the defendant relied on has an exception, and the defendant has not attempted to address the exception, nor can they. 28 CFR, §16.97(k) states in pertinent part:

> "...Where compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the acuracy of the information collected, e.g.m public source materials, or those supplied by Third parties, the applicable exemption may be waived, either partially or totally by the Bureau."

In this case, not only did BOP fail to state how keeping accurate record in this matter would interfere with or adversely affect the law enforcement process, but BOP has totally waived exemption in this matter and has permitted Plaintiff "to contect the accuracy of the information collected," by answering Plaintiff's claims in the administrative procedure from BP 8½ up to 11, None of these administrative remedy process did the defendant complain about the exemption nature of the ICF. Instead the complaints were responded to on the merits by BOP, and then denied on the merits. As such, the Bureau has completely waived the exemption. And because the defendant did not argue that Plaintiff was wrong on the merits, this Court must find for the Plaintiff and allow all the relief he sought.

Moreover, none of the reasons exemptions are justified apply in this case. For instance, "From subsection (e)(5), because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete," is the reason exemption is applied. 28 CFR, §16.97(k)(2). But here, the BOP cannot say that it was

or is impossible to determine in advance what information is accurate in this case because they have had it since 1995, and they could have easily verified with the court within these eleven years to find out whether Plaintiff received the largest share of the profit of the organization and whether he held the highest decision-making authority, as to fit the 2002 definition of "Leader/Organizer."

Accordingly, this Court could proceed and interpret this BOP's definition of "Drug Organizer/Leader," Appendix G, page 1 of the Program Statement 5100.7, and compel the amendment of Plaintif's record.

II. Entitlement To Damages Under The Privacy Act:

To prevail on an accuracy claim, the Plaintiff must show not only that the information in his custody classification form is incorrect, but that the maintenance of the custody classification form in his inmate file proximately caused adverse decision concerning him.

In Toolaprashad v. Bureau of Prisons, 286 F.3d 576, 584(D.C. 2002), this Court opined that an adverse determination within the prison context denotes "a decision that negatively 'affects an inmate right.'" courts have also held that "inasmuch as classification of an inmate as a special offender hinders or precludes eligibility for social furloughs, work release, transfer to community treatement center, and the opportunity for early parole, changes in an inmate's status that accompany the designation create a "grevious loss," and may not be imposed in the absence of basic elements of rudimentary due process." See Cardopoli v. Norton, 523 F.d2 990(2nd Cir. 1975); Markis v. United States Bureau of Prisons, 606 F.2d 575(5th Cir. 1979).

In this particular case, Plaintiff can show "grevious loss," and

an adverse decision that negatively "affects [this Plaintiff'.]" Plaintiff has been erroneously classified as a leader/organizer and assigned "greatest severity" public safety factor, positioning that the public needs to be protected from Plaintiff, more like a "special offender" classification. And because of this misclassification, Plaintiff could not be "eligible for social furloughs, work release, transer to community treatment center...." Thus, this designation creates a "grevious loss" as envisioned by Cardopoli, markis and Toolaprashad. As such, the first of the four prongs of the Privacy Act's damages has been met.

Second, the Bureau of Prisons failed to maintain Plaintiff's records with the degree of accuracy necessary to ensure fairness in the determination, as it is evident from Plaintiff's administrative remedy complaints. (See attached remedy complaints as attached in the original complaint.)

Third, the BOP intentionally and willfuly refused to correct this error even in the face of the PSI's lack of the facts BOP is using to maintain the "greatest severity" public safety factor on Plaintiff's record. It is intentional and willful because BOP simply does not want Plaintiff qualifying for social furloughs, work release, transfer to community treatment centers. As such, Plaintiff qualifies for not only correction of the record, but also for civil damages as contemplated by 5 U.S.C.,§552a(g).

III. The defendant also argued that Plaintiff could not be paid "actual damages" as contemplayed by 5 U.S.C., §552a(g) because "actual damages" means those sustained. However, a court has defined "actual damages to include "out-of-pocket" expensis **and mental suffering.**

-4-

See <u>Sostre v. McGinnis</u>, 442 F.2d 178(2nd Cir. 1971).

Plaintiff undergoes "mental suffering" because the BOP refuses to correct his record, as such, he is entitled to the actual damages he claimed in his complaint.

IV.  Being that Plaintiff has already showed that the BOP waived the exemption of 28 CFR, §16.97(j), this Court can compel the BOP to correct the record accordingly.

SUMMARY

This Court has the subject matter jurisdiction to hear this matter because by answering to the merits of this claim from BP 8½ to BP 11, the BOP has waived exemption, and because "grevious loss" and "inmate's affected rights," have been shown, Plaintiff is entitled to damages, and injunctive relief.

Wherefore, Plaintiff respectfully prays.

Respectfully Submitted:

*Andrew Rodriguez*
Andrew Rodriguez, Pro Se
Plaintiff

Certificate of Service

I certify that a true and correct copy of the within Reply has been sent to the following:

Benton G. Peterson, AUSA
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C. 20530

                                            Respectfully Submitted:

                                            _Andrew Rodriguez_
                                            Andrew Rodriguez, Pro Se
                                            Plaintiff
                                            FCI Elkton
                                            P.O. Box 10
                                            Lisbon, Ohio 44432

Dated: 6 day of April, 2006.