UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | Civil No. 06-0034 (HHK) |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Plaintiff has filed a Motion in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment (Plaintiff's Opposition). In his opposition, the Plaintiff challenges the Statement of Material Facts not in Genuine Dispute as he states that the Bureau of Prisons (BOP) policy defined organizer as one who "receives the largest share of the profits and has the greatest decision-making authority." Plaintiff's Opposition at page 1. The Plaintiff also contends that the BOP has a waiver provision to the exemption and the defendant has not addressed that point. He states that the defendant waived the exemption by addressing the merits and not raising the exemption in its responses to his administrative remedy requests.

Plaintiff finally asserts he is entitled to monetary damages as he was adversely affected by the maintenance of the records as the decision "negatively affect[ed] an inmate right." Opposition at page 3. He also asserts that he was entitled to due process in connection with his classification. Id. Plaintiff contends that he has proved the BOP violated the Privacy Act. First,

1

the BOP failed to maintain accurate records. Second, the BOP intentionally and willfully refused to correct the erroneous information. Plaintiff's Opposition, page 4.

I) **THE BOP EXEMPTED THE CUSTODY CLASSIFICATION FORM MAINTAINED IN THE INMATE CENTRAL FILE FROM THE AMENDMENT AND ACCURACY PROVISIONS OF PRIVACY ACT**

The Privacy Act imposes on agencies a requirement that records be maintained "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. §552a(e)(5). The Privacy Act allows a law enforcement agency to exempt records from its accuracy and amendment provisions. 5 U.S.C. § 552a(j)(2)( c) and 552a(d). The BOP properly exempted the Central Inmate Record System (CIF), where the custody classification is maintained, from claims brought under subsections (d), (g), (e)(1) and (e)(5) of the Privacy Act. See 28 C.F.R. § 16.97 (a), and 28 C.F.R. § 16.97(j)).

Accordingly, as detailed in Defendant's Motion to Dismiss, the Court should dismiss the complaint under FRCP 12(b)(1) for lack of jurisdiction.

II) **RESPONSES TO ADMINISTRATIVE REMEDY REQUESTS DO NOT CONSTITUTE WAIVER OF EXEMPTION FROM PRIVACY ACT ACCURACY PROVISION.**

Contrary to plaintiff's claims, section (k) does not constitute a waiver of this exemption under the facts in this case because imposing such compliance on the BOP would adversely affect its law enforcement duties. The Code of Federal Regulations §§ 16.97 (j) and the waiver provision in (k) are at issue in this case as the Plaintiff contends the BOP waived the exemption by addressing the merits of his contentions in the responses to his administrative remedy requests.

The purpose of the Administrative Remedy program is "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. It is through this process that the administration addresses inmates' complaints and attempts to find solutions to the complaints in an effort to resolve the matter before Court involvement. It does not constitute a waiver of the exemption provision of the Privacy Act.

The administrative remedy program is utilized as a correctional management tool to appease the inmate and provide substantive information without raising legal defenses which would bar the flow of information to the inmate. In this case, Plaintiff filed a request for administrative remedy and BOP responded on the merits addressing the inmate's complaint. At that stage, the BOP did not address the legal arguments that would be raised in litigation. Therefore, it does not follow that the BOP has waived the exemption from the accuracy provision or that it has a duty to maintain accurate records of the inmates.

Even if the BOP had waived the exemption, the Plaintiff's complaint should be dismissed. The District of Columbia Circuit has ruled that dismissal is appropriate in Privacy Act cases where the BOP may have waived the exemption, if the actions of the agency are reasonable and there is a reasonable explanation for the actions which the Plaintiff identifies as a waiver. See Martinez v. Bureau of Prisons, --- F.3d ----, 2006 WL 825013, 3 (D.C. Cir., 2006)("Even if [BOP] had waived the exemption, the record shows that the BOP provided a reasonable explanation for its refusal to correct its records as appellant requested."). The BOP explained to the Plaintiff the proper application of policy to his custody classification through the administrative remedy responses. Thus, the BOP provided a reasonable explanation to the Plaintiff as to why his custody classification would not be changed and did not waive the exemption of the CIF from the amendment and accuracy provisions of the Privacy Act.

### III) PLAINTIFF FAILS TO ESTABLISH A CAUSE OF ACTION UNDER THE PRIVACY ACT

Clearly, the Plaintiff does not have a cause of action under the Privacy Act, as the BOP has specifically exempted the CIF, and thus his custody classification form, from the accuracy and the amendment provisions of the Privacy Act. However, even if the Plaintiff had a cause of action under the Privacy Act, he would clearly fail to establish its elements.

A plaintiff with a lawsuit against an agency under the Privacy Act has the burden of establishing the following four elements: (1) that there was an adverse determination; (2) that the agency failed to maintain plaintiff's records with the degree of accuracy necessary to ensure fairness in the determination made; (3) that the agency's failure to do so was the proximate cause of the adverse determination, and (4) that the agency acted intentionally and willfully. Amstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 22 (D.D.C.), aff'd. 1998 WL 65543 (1997).

####    A.    The Plaintiff has not been adversely affected by his custody classification

The Plaintiff complains that his PSF (Public Safety Factor) of "Greatest severity" adversely affected him and he suffered a "grievous loss" as he is not eligible to participate in " . . . social furloughs, work release, transer [sic] to community treatment center." Plaintiff's Opposition at page 4. The Plaintiff is attempting to bolster his argument by asserting that his due process rights were affected.[1] He relies on Makris v. United States Bureau of Prisons, 606 F.2d

---

[1] To assert a due process claim, plaintiff must identify the denial of a liberty interest. Sandin v. Conner, 515 U.S. 472 (1995). As stated below, Plaintiff has no liberty interest in his custody classification, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meyer v. Reno, 911 F. Supp. 11, 17 (D.D.C. 1996), his place of confinement, Olim v. Wakinekona, 461 U.S. 238 (1983), or his access to specific programs, (such as furloughs or work release propgrams). Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996). Nor has plaintiff alleged that inaccuracies in his prison records resulted in

575 (5th Cir. 1979), and Cardaropoli v. Norton, 523 F.2d 990 (2d Cir. 1975), for the proposition that classification decisions affect due process. Plaintiff's Opp. at page 3.

To prevail on an accuracy claim, the Plaintiff must show not only that the information in his custody classification form was incorrect, but that the maintenance of the custody classification form in his inmate file proximately caused an adverse decision concerning him. The Privacy Act does not define what would constitute an adverse determination. However, the District Court for the District of Columbia has stated that an adverse determination within the prison context denotes "a decision that negatively 'affects an inmate rights.'" Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 584 (D.C.Cir. 2002).

### i. Plaintiff does not have a right to a custody classification

The Plaintiff was not adversely affected by the custody classification of "Greatest Severity." Inmates in the custody of the BOP do not have a right to a specific custody classification. Beard v. Livesay, 798 F.2d 874 (6th Cir. 1986). Certainly, inmates do not have a protected liberty interest in their security classifications. Slezak v. Evatt, 21 F.3d 590 (4th Cir.), cert. denied, 115 S.Ct. 235 (1994). See also Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert denied, 429 U.S. 846 (1976)(inmates have neither protected liberty interests nor property interests in custodial classification.); Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995)(A prison inmate does not have a protected interest in his custodial classification and the inmate's disagreement with the classification is insufficient to establish a constitutional violation.); Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), citing Moody v. Baker, 857 F.2d 256, 257-58

---

restrictions placed upon him that imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Brown v. Plaut, 131 F.3d 163, 170 (D.C. Cir. 1997).

(5th Cir.), cert. denied, 488 U.S. 985 (1988)(inmate has no protected liberty or property interest in his custodial classification).

The Plaintiff's reliance on Makris and Cardaropoli is misplaced.  The Makris case specifically found the opposite of the Plaintiff's contention as it found that due process does not apply to classification matters.  Cardaropoli is distinguishable from our case.  Cardaropoli involved a challenge to custody classification under habeas corpus, it did not address the Privacy Act, and it predated the exemption of the CIF from the accuracy provisions of the Privacy Act, among other factors.  In addition, many courts have refused to follow this case.  See Makris; Romer v. Morgenthau,119 F.Supp.2d 346 (S.D.N.Y. Sep 26, 2000); Smaldone v. U.S., 458 F.Supp. 1000 (D.Kan. Aug 29, 1978).

In light of these reasons, the Plaintiff has failed to state a valid cause of action under which relief can be granted.

### B. The Bop Maintained Records of the Plaintiff with the Degree of Accuracy Necessary to Assure Fairness in the Determination Made

The Plaintiff contends that BOP did not maintain accurate records.  He explains that the BOP could have easily verified the information with the court over the eleven years he has been in custody and failed to do so.  Plaintiff's Opposition at page 3.  He contends the BOP failed to rely on the amended policy which defines what constitutes a leader for the PSF.  Plaintiff's Opposition, at page 1.

The Plaintiff's argument is without merit.  In his opposition, the Plaintiff relies on the wrong section of the program statement in support of his proposition that BOP's custody classification is erroneous.  Opposition at page 1.  The Plaintiff states that the BOP erroneously

applied the PSF to him in spite of the fact that he was not a leader. The Plaintiff "believes" that "Greatest Severity" PSF can only be applied to a leader of an organization, <u>Id.</u> at ¶7, and relies on Program statement 5100.07, Appendix G.

The Plaintiff relies on the wrong section of the policy. The PSF of "Greatest Severity" applies to any drug offender who "organized or maintained ownership interest/ profits from **large-scale** drug activity," and "the drug amount equals ... greater than or equal to 2,000gm, 2 k, or 4.4 lb" of heroin or opiates. Program Statement 5100.07, Appendix B, page 1, Offense Severity Scale. The Plaintiff's PSF **(¶3a)** reflects that the amount of "<u>crack/cocaine and heroin distribution at issue was equal to more than 30 kilograms of heroin</u>." <u>Id.</u> The amount of drugs the Plaintiff distributed exceeds the 2 kilograms threshold for receiving a greatest severity score in the offense severity scale. As a result, the PSF of "Greatest Severity" was appropriate.

For security reasons, inmates with a PSF of "Greatest Severity" will be housed in at least a Low security level institution. <u>Id.</u> at Chapter 7, page 1, **Greatest Severity Offense**. The PSF is used to ensure appropriate security and custody classification for inmates with greatest severity offenses. Thus, the Plaintiff was properly assessed a Greatest Severity PSF and is housed at a low security institution.

Plaintiff seeks damages for the BOP's use of inaccurate information on his presentence investigation report to justify its custody classification for him as of the Greatest Severity. Plaintiff's claim fails for at least two reasons. First, the challenged information contained in BOP's records is disputed, but not necessarily inaccurate. Plaintiff does not dispute that the amount of crack/cocaine and heroin distribution at issue was equal to more than 30 kilograms of heroin or that the amount of drugs the Plaintiff distributed exceeds the 2 kilograms threshold for receiving a Greatest Severity score in the offense severity scale.

Second, even assuming that plaintiff has been adversely affected, plaintiff offers no evidence that the BOP's actions in maintaining his records were willful or intentional. Deters v. U.S. Parole Commission, 85 F.3d 655, 657 (D.C. Cir. 1996); see also Sellers v. Bureau of Prisons, 959 F.2d at 312. The willful or intentional standard is a high one: it is "something greater than gross negligence"; "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights under the Act"; "[a] violation . . . so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Deters v. U.S. Parole Commission, 85 F.3d at 660 (internal citations omitted). Plaintiff has not established that any information underlying the BOP's PSF assessment was clearly wrong. The BOP reasonably relied on information contained in plaintiff's presentence investigation report in calculating his custody classification. As a result, plaintiff has failed to establish a claim for damages under the Privacy Act, pursuant to 5 U.S.C. § 552a(e)(5) and (g)(4).

### C. The Plaintiff is not entitled to Damages under the Privacy Act

The Plaintiff contends that he is entitled to monetary damages for his mental suffering. Plaintiff's Opposition at page 5. In an action for damages under the Privacy Act, a plaintiff must demonstrate actual damages. The District Court for the District of Columbia has explained that:

> Actual damages under the Privacy Act are limited to "out-of-pocket" expenses and **do not include damages for emotional trauma, anger, fright or fear**. Houston v. United States Department of Treasury, 494 F.Supp. 24, 29-30 (D.D.C.1979). See also Garber v. United States, 578 F.2d 414, 415 (D.C.Cir.1978); Morgan v. District of Columbia, 449 A.2d 1102, 1115 n. 20 (D.C.App.1982); District of Columbia v. Smith, 436 A.2d 1294, 1296 (D.C.App.1981). Accordingly, no plaintiff can recover any damages for emotional trauma, anger, fright, fear or similar emotions without a showing of out-of-pocket loss. (emphasis added).

Albright v. U.S., 558 F.Supp. 260 (D.D.C., 1982), affirmed Albright v. U.S., 732 F.2d 181, 235 U.S.App.D.C. 295 (D.C.Cir. Apr 10, 1984). The Plaintiff in this case clearly has not sustained any out-of-pocket loss as he is currently incarcerated and all his needs are provided for by the Federal Bureau of Prisons. As a result, the Plaintiff is not entitled to any money damages.

### D. The Plaintiff is not Entitled to Injunctive Relief

The Plaintiff seeks an order to compel the BOP to correct the PSF of "Greatest Severity." Complaint ¶ 12. Injunctive relief is not available under the accuracy provisions of the Privacy Act. Riley v. Hawk, 108 F.3d 1396 (D.C.Cir. 1997). But it is available in the amendment provision of the Privacy Act. Because the CIF is specifically exempted from the amendment provisions of the Privacy Act, Plaintiff is not entitled to the injunctive relief available through the Act.

### Conclusion

For these reasons and those previously set forth, defendant respectfully requests that this Court grant its Motion to Dismiss the Complaint.

    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)

**Benton.Peterson@usdoj.gov**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2006, I served a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for To Dismiss, by first class mail, postage pre-paid, on the following:

> Andrew Rodriguez.
> No. 38020-054
> Federal Correctional Institution
> 8730 Scroggs Road
> Post Office Box 89
> Elkton, OH 44415

_____
Benton Peterson
Assistant U.S. Attorney