UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW RODRIGUEZ,                *

        Plaintiff,          *

    -vs-                         *   Civil Action No. 06-0034(HHK)

BUREAU OF PRISONS,               *

        Defendant.          *

MOTION TO STRIKE DEFENDANT'S
FURTHER SUBMISSION IN THIS CASE

    Plaintiff initiated this action which accorded the defendant an opportunity to respond and then Plaintiff to reply with the last say before the Court takes the matter under advisement. As such, this Court should strike the recent further submission made by the defendant as it is not provided for in the civil rules.

    In any event, the defendant's further submission actually further exposes the weakness of its case. For instance, in the process of arguing that Plaintiff read the Program Statement wrong, the defendant showed precisely why it simply did not concede to the error being complained about. The defendant is the one reading the Program Statement wrong. In the sur-rebuttal, the defendant argued that "[t]he Plaintiff relies on the wrong section of the policy. The PSF of 'Greatest Severity' applies to any drug offender who 'organized or maintained ownership interest/profits from **large-scale** drug activity,' and 'the drug amount equals...greater than or equal to 2,000gm, 2 k, or 4.4 lb' of heroin or opiates. Program Statement 5100.07, Appendix B, page 1, Offense Severity Scale. The Plaintiff (¶ 31a) reflects

-1-

RECEIVED
MAY 15 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

that the amount of 'crack/cocaine and heroin distribution at issue was equal to more than 30 kilograms of heroin.' Id. The amount of drugs the Plaintiff distributed exceeds the 2 kilograms threshold for receiving a greatest severity score in the offense severity scale. As a result, the PSF of 'Greatest Severity' was appropriate." See Defendant's Sur-rebuttal, @ 7. Defendant then went further to argue that "Plaintiff does not dispute that the amount of crack/cocaine and heroin distribution at issue was equal to more than 30 kilograms of heroin or that the amount of drugs the Plaintiff distributed exceeds the 2 kilograms threshold for receiving a Greatest Severity score in the offense severity scale." Id., @ 7.

What the Defendant failed to realize here is that drug quantity alone can never cause one's offense severity to change. Drug quantity has long been waived. For drug quantity to constitute reason for placing Greatest Severity public safety factor, the inmate **must** also have organized or maintained ownership interest/profits from large-scale drug activity. It is this part of the requirement of the placement of Greatest Serverity that Plaintiff's dispute lies, and as this Court can clearly see, even in their unauthorized sur-rebuttal, the defendants have again failed to show that Plaintiff's PSI showed that he was that organizer, as the PSI only listed him as a **manager**, which is clearly not the position required by the Program Statement for Greatest Severity application. Drug quantity alone cannot do it.

Plaintiff relies on his previous arguments, along with this recent clarification by the Defendants themselves that they were actually erroneously reading the pertinent Program Statement.

-2-

Relief is thus required in the tune of this Court compelling the defendants to correct the erroneous record, and for money damage for the violation of the Privacy Act.

Wherefore, Plaintiff respectfully prays.

Respectfully Submitted:

*Andrew Rodriguez*
Andrew Rodriguez, Pro Se
Plaintiff
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432

Certificate of Service
I certify that a true and correct copy of the within Reply to the Defendant's Sur-rebuttal has been sent to the following:

Benton G. Peterson, AUSA
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W.-Civil Division
Washington, D.C. 20530

Dated: 10 day of May, 2006.