UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW RODRIGUEZ,<br><br>            Plaintiff,<br><br>  v.<br><br>BUREAU OF PRISONS,<br><br>            Defendant. | Civil Action No. 06-0034 (HHK) |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). In the alternative, defendant moves for summary judgment.[1] *See* Fed. R. Civ. P. 56. For the reasons stated below, the Court will dismiss the complaint under Rule 12(b)(6).

**I. BACKGROUND**

Plaintiff is a federal prisoner who currently is incarcerated at the Federal Correctional Institution in Lisbon, Ohio ("FCI Elkton"). Complaint ("Compl.") ¶ 3. He alleges that the Federal Bureau of Prisons ("BOP") applied to him the public safety factor of 'greatest severity' in error based on information in his presentence

---

[1] Also before the Court is plaintiff's Plaintiff's Motion to Strike Defendant's Further Submission in this Case [#14]. That submission is Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss [#13]. Evidently plaintiff objects to BOP having the "last say before the Court takes the matter under advisement." Pl.'s Mot. to Strike at 1. The local rules of this Court allow the filing of a reply memorandum, *see* LCvR 7(d), and plaintiff's motion will be denied.

1

investigation report ("PSR") indicating that he was the "manager in a drug organization" and "reported to the organizer/leader of the organization."[2]  *Id.* ¶¶ 5, 9.

Plaintiff challenged the application of the public safety factor, asserting that he merely was "one of five 'overall managers' reporting directly to the leader of the organization."  Compl., Attach. (Request for Administrative Remedy dated June 29, 2005).  He asserted that the "greatest severity" public safety factor is not warranted because the PSR "does not show that he received the largest share of profits and did not have the greatest decisionmaking authority in his conspiracy."  Compl. ¶ 9.  BOP denied plaintiff's request to "correct his record and delete the notation, 'Greatest Severity,' Public Safety Factor."  *Id.* ¶ 7.

Plaintiff brings this civil action against BOP under the Privacy Act, *see* 5 U.S.C. § 552a.  Compl. ¶ 1.  He alleges that BOP both fails to maintain its records pertaining to him with the requisite level of accuracy and refuses to amend its inaccurate records.  *See id.* ¶¶ 1, 11.  He demands correction of BOP records by deleting the "greatest severity" public safety factor and also demands monetary damages.  *Id.* ¶¶ 12-13.

## II.  DISCUSSION

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.  A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

---

[2]  Plaintiff's PSR is not a part of the record, as neither party includes the document as an exhibit.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The factual allegations of the complaint must be presumed to be true and liberally construed in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court, however, is not obligated to draw an inference that is not supported by the facts presented. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Generally, the Privacy Act requires that each covered agency:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). An individual may access an agency's records pertaining to him, and may request amendment of those records. *See* 5 U.S.C. § 552a(d). He may file a civil action against the agency if it refuses to amend its records upon request, *see* 5 U.S.C. § 552a(g)(1)(A), or if it:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C); *see Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection (e)(5)).[3] In a

---

[3] The variation in language between subsection (e)(5) and subsection (g)(1)(C) of
(continued...)

3

civil suit filed pursuant to 5 U.S.C. § 552a(g)(1)(C), if the agency's actions were willful or intentional, the Court may award actual damages sustained by the individual as a result of the agency's failure.  5 U.S.C. § 552a(g)(4)(A).

Notwithstanding the relief ostensibly available under the Privacy Act, the Director of an agency may promulgate regulations to exempt any of the agency's systems of records from certain parts of the Privacy Act, if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).[4]  Pursuant to this authority, regulations have been promulgated to exempt BOP's Inmate Central Records System (JUSTICE/BOP-005), among other systems of records, from subsections (d) and (g) of the Privacy Act, that is, the Act's amendment and remedies provisions.  *See id.*; 28 C.F.R. § 16.97(a)(4), (b)(3).

Although plaintiff's complaint refers generally to "the record" BOP maintains, *see, e.g.,* Compl. ¶¶ 10, 12, it appears that he demands correction of one specific document, the Custody Classification Form.  *See id.*, Attach. (Informal Resolution Form, No. DB-0017, requesting "removal of PSF of Greatest Severity from [his] male custody classification form").  This form is maintained in Section Two of his Inmate Central File, which, in turn, is maintained in BOP's Inmate Central Records System

---

(...continued)
the Privacy Act is "of no substantive significance." *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

[4]     Exemptions from  subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (*i*) are not permitted.  5 U.S.C. § 552a(j)(2).

(JUSTICE/BOP-005).  *See* Def.'s Mot., Attach. B (P.S. 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, CN-01 12/31/97) at 4-5, 7.  Because regulations exempt the Inmate Central Records System from subsection (d) of the Privacy Act, plaintiff cannot obtain the relief he seeks, that is, amendment of the Custody Classification Form.  *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (barring claim for amendment of PSR because regulations exempt PSRs from amendment provisions of Privacy Act); *Sellers*, 959 F.2d at 309 (upholding district court's dismissal of claim under subsection (d) for amendment of presentence report maintained in BOP inmate files).

The Court presumes that plaintiff bases his claim under the Privacy Act's accuracy provision, *see* 5 U.S.C. § 552a(e)(5)), on the ground that the Custody Classification Form BOP maintains is inaccurate.  *See* Compl. ¶¶ 1, 11.  This avenue of relief, too, is barred because regulations exempt the Inmate Central Records System from subsection (e)(5) of the Privacy Act.  5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97(j), (k)(2).  This exemption effectively deprives plaintiff of any remedy, including damages, for BOP's alleged failure to maintain its records with the requisite level of accuracy.  *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (upholding district court's dismissal of Privacy Act claims against BOP because Inmate Central Record System exempt from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)); *Scaff-Martinez v. Fed. Bureau of Prisons*, No. 05-11119, 2005 WL 3556035, *2 (11th Cir.  Dec. 29, 2005) (per curiam) (affirming dismissal of Privacy Act claims, including claim for monetary damages, because inmate records are exempt from subsections (d), (e)(5), and (g)); *McClellan v. Bureau of Prisons,* No. 5:05cv194, 2006

WL 2711631, *5 (S.D. Miss. Aug. 2, 2006) (Magistrate Judge recommending dismissal with prejudice because exemption from subsection (e)(5) "proscribes plaintiff's suit against the BOP for either injunctive or monetary relief"); *Fisher v. Bureau of Prisons*, No. 05-0851 (RMU), 2006 WL 401819, *2 (D.D.C. Feb. 21, 2006) (dismissing damages claim based on BOP's alleged failure to maintain accurate records in Inmate Central Records System); *see also Parks v. Bureau of Prisons*, No. 7:06-CV-00131, 2006 WL 771718, *1 (W.D. Va. Mar. 23, 2006) (dismissing suit under 28 U.S.C. § 1915A for failure to state a claim because BOP central records exempt from Privacy Act's accuracy provision).

Plaintiff notes that BOP may waive the exemption, and actually did waive it by responding to the merits of his requests for administrative remedies without asserting the Inmate Central Records System's exemption from the accuracy provisions of the Privacy Act. *See* Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment ("Pl.'s Opp'n") at 2. "[B]ecause [BOP] did not argue that Plaintiff was wrong on the merits, this Court must find for the Plaintiff and allow all the relief he sought." *Id.* Plaintiff's argument is not persuasive.

The relevant regulation provides:

> Where compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public source materials, or those supplied by third parties, the applicable exemption may be waived, either partially or totally, by the [BOP].

28 C.F.R. § 16.97(k). Defendant hardly can be faulted for failing to assert a Privacy Act exemption prior to the initiation of this civil action. Moreover, assuming that this waiver

6

provision applies to this case, its language is permissive. Where plaintiff "does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption," *Martinez*, 444 F.3d at 624, the Court concludes that BOP did not waive the exemption.

### III.  CONCLUSION

The Court concludes that BOP's Director promulgated regulations to exempt the Inmate Central Records System from the accuracy, amendment, and damages provisions of the Privacy Act. Plaintiff can prove no set of facts in support of his Privacy Act claims that would entitle him to relief under the Privacy Act and, accordingly, the Court will grant defendant's motion to dismiss. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

>                                 HENRY H. KENNEDY, JR.
>                                 United States District Judge

Date:  March 8, 2007