UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDREW RODRIGUEZ,          *

        Plaintiff,   *

    -vs-                   *    Civil Action No. 06-0034(HHK)

BUREAU OF PRISONS,         *

        Defendant.   *

### MOTION FOR RECONSIDERATION
### PURSUANT TO RULE 59(e)FED.R.CIV.PROC.

This is a motion for reconsideration of this Court's denial order of March 8, 2007, of Plaintiff's request that the Bureau of Prisons be compelled to correct his record and delete the notation of "greatest severity" public safety factor from Plaintiff's record. The Bureau of Prisons countered that the component of the Privacy Act that relief is sought from has been exempted by the agency under the applicable statute.(See 28 C.F.R. §16.97 et seq.)

In his reply, Plaintiff argued that the Bureau of Prisons has waived any exemption by responding all along on the merits of Plaintiff's claim, and that in the alternative, any exemption of the Inmate Central File would violate a slew of guaranteed constititional rights of Plaintiff's.

In denying relief, this Court specifically pointed out that "[w]here Plaintiff 'does not challenge the BOP's authority to exmept its records...the Court concludes that BOP did not waive the exemption." Id., 7, Court's order of March 8, 2007. However, this Court is specifically charged under the Federal Rules of Civil Procedure, Rule 12(b)(6). See Welch v. Laney, 57 F.3d 1004)(11th Cir. 1995)(Where more carefully drafted complaint might state claim upon which relief could

-1-

be granted, district court should allow Plaintiff to amend complaint rather than dismissing it.)

Here, pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519(1972), had this Court construed Plaintiff's complaint and reply in the required "less stringent" standard, it would have read into Plaintiff's pleadings that the BOP's authority to exempt these sorts of records was challenged. This is true, because there is no longer any checks and balances left when the Executive branch of the government, that is the Code of Federal Regulations, exempts a record in a way that no court in the land can examine its action. This in essence is the Bureau's way of usurping the judicial branch's power of checking its actions, and Congress could not have envisioned such back-door stifling of the Court's powers.

As such, the Bureau of Prisons' authority to exempt the Inmate central File mist be annuled, and in the process, Plaintiff's request that his record be rid of the notation, "Greatest Severity" must be granted in toto since the BOP has no power to exempt such record from the application of the Privacy Act.

Wherefore, Plaintiff respectfully prays.

Respectfully Submitted:

_____
Andrew Rodriguez, Pro Se
Plaintiff

## Certificate of Service

I certify that a true and correct copy of the within motion has been sent to the following:

Benton G. Peterson, AUSA
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

                                                Respectfully Submitted:

                                                Andrew Rodriguez, Pro Se
                                                Plaintiff
                                                FCI Elkton
                                                P.O.Box 10
                                                Lisbon, Ohio 44432

Dated: 17 day of March, 2007.