UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW RODRIGUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil No. 06-0034 (HHK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant, through counsel, hereby files its opposition to Plaintiff's March 30, 2007 Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 59(e) ("Pl. Mot."), which seeks reconsideration of this Court's March 8, 2007 Memorandum Opinion and Order granting defendant's Motion to Dismiss. Plaintiff's motion for reconsideration is not timely and therefore he is not entitled to relief. However, even if the Court were to construe Plaintiff's motion as timely and pursuant to Federal Rule of Civil Procedure 59(e), it is apparent that plaintiff does not satisfy any of the requirements under that rule necessary for the Court to grant his motion.

**I. Procedural History**

On March 8 2007, this Court dismissed plaintiff's Privacy Act lawsuit on the grounds that the BOP's Director promulgated regulations to exempt the Inmate Central Records System from the accuracy, amendment, and damages provisions of the Privacy Act and that plaintiff can prove no set of facts in support of his Privacy Act claims that would entitle him to relief under

1

the Privacy Act.  Plaintiff now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59 (e) to challenge the Court's holdings.

**II.  Legal Standard**

A "Motion for Reconsideration," although not expressly provided for in the Federal Rules of Civil Procedure, may be treated as a motion to alter or amend judgment pursuant to Rule 59(e) if it is filed within 10 days of entry of the judgment.  *See Derrington-Bey v. District of Columbia Dept. of Corrections*, 39 F.3d 1224, 1226 (D.C. Cir. 1994).  The grounds upon which a party may seek reconsideration of a Court's order under Rule 59(e) are narrow.  Such motions are discretionary, and need not be granted absent an intervening change of law, newly discovered evidence, or to correct a clear error or prevent manifest injustice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *McDonnell Douglas Corp. v. NASA*, 109 F. Supp.2d 27, 28 (D.D.C. 2000); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).  "A trial court has broad discretion to grant or deny a motion for reconsideration."  *McDonnell Douglas*, 109 F. Supp.2d at 28. *See generally Dyson v. Pharmacia & Upjohn, Inc.*, 129 F. Supp.2d 19, 20-21 ( D.D.C. 2001).

**III.    ARGUMENT**

A. PLAINTIFF HAS FAILED TO TIMELY FILE HIS MOTION FOR RELIEF PURSUANT TO RULE 59(e).

The Court's Order granting Defendant's motion to dismiss was entered on March 8, 2007.  However, Plaintiff did not file his motion for reconsideration until March 30, 2007, more than ten days after the Court's Order. [See Docket No. 17].  While the certificate of service

accompanying the motion indicates that the filing was made within ten days of March 8, 2007, the Court's docket does not reflect that it received filing until March 30, 2007. It is well-established that "[a] party must file a Rule 59(e) motion within ten days after entry of judgment." *Badru v. United States*, 215 F.R.D. 8, 10 (D.D.C. 2003) (citing Fed. R. Civ. P. 59(e)). In addition, "[t]his Court cannot extend the time for filing Rule 59(e) motions, even if a party does not receive notice of an order." *Id*. (citations omitted). Because plaintiff's Rule 59(e) motion was not filed within ten days of the Court's entry of judgment, his motion may not be considered under that rule. *Id*. (dismissing *pro se* Rule 59(e) motion that was received more than ten days after the entry of judgment).[1]

B.  EVEN IF DEEMED TIMELY PLAINTIFF IS NOT ENTITLED TO RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 59(e) .

The sole basis for plaintiff's Motion For Reconsideration appears to hinge on the wording of the Court's March 8, 2007 Memorandum and Opinion. Specifically, in its

---

[1] Despite its untimeliness under Rule 59(e), even if plaintiff's pro se motion could be construed as seeking relief pursuant to Rule 60(b) he clearly is not entitled to any relief under Rule 60(b) either. *See Uberoi v. E.E.O.C.*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.") (*quoting Computer Prof'ls for Soc. Responsibility v. United States Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996)).
   Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment or order for one or more of the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or ( 6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The standard for granting a motion pursuant to one of the grounds enumerated in Rule 60(b) is "higher" than the standard used to decide Rule 59(e) motions. *Uberoi*, 271 F. Supp. 2d at 2-3. However, for the same reasons he does not qualify for relief under Rule 59(e) (as explained below), plaintiff does not qualify for relief under 60(b).

Memorandum and Opinion, this Court noted that because plaintiff "does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption..." Mem. & Ord. at 7. The plaintiff appears to have read this sentence as an invitation to now attempt to do what he did not do the first time around and advance an argument that BOP does not have the authority to exempt its own records. Plaintiff now argues that the Court should have read his complaint and opposition in general to the Defendant's Motion to Dismiss in conjunction with the "required less stringent" standard under *Haines v. Kerner*, 404 U.S. 519 (1972) to devine that he was in fact challenging BOP's authority to exempt its records.

A Rule 59(e) motion, however, is not a vehicle for presenting theories or arguments that could have been raised previously. *See Kattan v. District of Columbia*, 995 F.2d 274, 276 ( D.C. Cir. 1993); *W.C., A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 ( D.D.C. 1997). Here, the plaintiff clearly could have put forward his best arguments concerning BOP's authority to exempt its records in his opposition to the Motion For Summary Judgment; indeed, defendant addressed that exact issue in the Motion to Dismiss. See Defendant's Motion For Summary Judgment at 3. This Court specifically determined that plaintiff failed to make an argument challenging BOP's authority to exempt its records.

A Motion for Reconsideration is not to be employed as a means for obtaining the proverbial second bite at the apple - the purpose for which it is being used here. *See Carter v. George Washington University*, 387 F.3d 872, 877 (D.C. Cir. 2004). Furthermore, although the plaintiff here is *pro se* and thus his submissions are to be held to a less stringent standard than those drawn by legal counsel, *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977), See also, *In re " Santa Barbara Like It Is Today" Copyright Infringement Litigation*, 94 F.R. D. 105, 108 (D. Nev. 1982); *U.S. ex rel. Dattola v. National Treasury Employment Union*, 86 F.R.D. 496,

499 (W.D. Pa. 1980); *Haynes v. Kerner*, 404 U.S. 519, 520 (1972), nonetheless it is the case that even a *pro se* complaint is subject to dismissal if the submission fails to sufficiently outline all of the elements of the claim or to reasonably inform the adverse party of the asserted cause of action. *Id.*; *Delgado*, 727 F. Supp. at 27, *see also Castro v. United States*, 594 F. Supp. 252, 263 (D.P.R. 1984); *In re "Santa Barbara Like It Is Today"*, 94 F.R.D. at 108; *King v. Layette County*, 92 F. R.D. 457, 458 (W.D. Pa. 1981); *Holesy v. Bass*, 519 F. Supp. 395, 407 (D. Md. 1981).

In any event, there is no basis for the application of Federal Rule of Civil 59(e) because plaintiff has not posited any intervening change of law, newly discovered evidence, clear error or manifest injustice in connection with the Court's decision. More specifically, plaintiff has not offered any argument that would demonstrate that the Court erred in any manner in its core determinations 1) that BOP has the discretion to exempt records from the Privacy Act's accuracy and amendment provisions and 2) that the BOP has not waived any of the exemptions at issue.

Specifically, this Court concluded that the Privacy Act confers upon BOP the discretion to exempt records from different provisions of the Act within the limitations included in the statute. 5 U.S.C. § 552a(j)(2). Furthermore, the Court specifically found that, contrary to plaintiff's theory, the BOP must explicitly waive its exemptions to make any waiver of an exemption effective. Mem. & Op. at 6-7. Nothing in plaintiff's Motion for Reconsideration contradicts any of these findings. Accordingly, plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) fails to identify an intervening change of law, newly discovered evidence, or clear error and should therefore be dismissed.

**IV. Conclusion**

For these reasons and those previously set forth in Defendant's Motion For Summary Judgment, defendant respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April _____, 2007, I served a copy of the foregoing Defendant's Reply to Plaintiff's Motion for Reconsideration, by first class mail, postage pre-paid, on the following:

>Andrew Rodriguez.
>No. 38020-054
>Federal Correctional Institution
>8730 Scroggs Road
>Post Office Box 89
>Elkton, OH 44415

_____
Benton Peterson
Assistant U.S. Attorney