UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| |
|---|
| ANDREW RODRIGUEZ,<br><br>                Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS,<br><br>                Defendant. |

Civil Action No. 06-0034 (HHK)

## ORDER

This matter is before the Court on plaintiff's Motion for "Reconsideration Pursuant to Rule 59(e) Fed. R. Civ. Proc." Rule 59(e) requires that a motion be filed no later than 10 days after entry of judgment. Fed. R. Civ. P. 59(e). Because plaintiff's motion was filed more than 10 days after entry of the Court's March 8, 2007 Memorandum Opinion and Order, it is treated as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). *See, e.g., Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule." ); *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005) (noting general rule that motion for reconsideration is treated as a 59(e) motion if filed within ten days of entry of challenged order, or as a 60(b) motion if filed thereafter).

Relief under Rule 60(b) should be used sparingly and should be applied only in extraordinary circumstances. *See Twelve John Does v. District of Columbia*, 841 F.2d 1133,



1140 (D.C. Cir. 1988); *Piper v. United States Dep't. of Justice*, 374 F. Supp. 2d 73, 78 (D.D.C. 2005). Under Rule 60(b), the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).[1]

Plaintiff, who is proceeding *pro se*, brought this action against the Federal Bureau of Prisons ("BOP") under the Privacy Act, *see* 5 U.S.C. § 552a. The Court dismissed the action on the ground that the relief plaintiff sought, that is, amendment of his custody classification form, is unavailable because regulations promulgated by BOP's Director exempt certain BOP systems of records, including the Inmate Central Records System where the classification form is maintained, from the Privacy Act's amendment, accuracy and damages provisions. *Rodriguez v. Bureau of Prisons*, No. 06-0034, 2007 WL 779057, at *2-3 (D.D.C. Mar. 8, 2007). However, the regulations allowed BOP to waive these exemptions:

> [w]here compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public source materials, or those supplied by third parties, the applicable exemption may be waived, either partially or totally, by the [BOP].

28 C.F.R. § 16.97(k). Plaintiff faulted BOP for its failure to explain its decision not to waive the exemptions, and further argued that BOP actually did waive the exemptions by responding to the merits of his requests for administrative remedies without asserting the Inmate Central Records System's exemption from the accuracy provisions of the Privacy Act. *See* Plaintiff's Motion in

---

[1] Plaintiff does not cite Rule 60(b) and therefore does not specify the provision on which he relies. It appears that only the "catch-all" clause of Rule 60(b)(6) would apply.

2

Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment ("Pl.'s Opp'n") at 2. The Court rejected this argument because plaintiff did not expressly challenge the BOP Director's authority to promulgate regulations exempting the Inmate Central Records System. *Rodriguez*, 2007 WL 779057, at *3.

      In his motion for reconsideration, plaintiff asserts that the Court was obligated to construe his papers liberally, and therefore should have "read into Plaintiff's pleadings that the BOP's authority to exempt these sorts of records was challenged." Pl.'s Mot. for Recons. at 2. In making this assertion, plaintiff appears to contradict his prior position. Plaintiff's opposition to defendant's motion to dismiss indicates that he "does not dispute the fact that BOP can exempt records from the provisions of the Privacy Act." Pl.'s Opp'n at 2. Notwithstanding any obligation the Court has to construe *pro se* pleadings liberally, *see, e.g. Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that "[c]ourts must construe pro se filings liberally"), the Court need not create arguments where none exist. "Although pro se litigants are entitled to liberal construction of their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court [is] not obligated to prosecute [plaintiff's] suit for him." *Garrison v. Warren Corr. Inst.*, No. 98-3728, 1999 WL 507015, at *1 (6th Cir. 1999).

      Accordingly, it is hereby

ORDERED that plaintiff's motion for reconsideration [Dkt. #17] is DENIED.

SO ORDERED.

                                                                   /s/ Henry Kennedy
                                                                   HENRY H. KENNEDY, JR.
                                                                   United States District Judge

Date: 8/17/07